IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTTIE RASAVADY #R74255,         )
                                  )
             Plaintiff,           )
                                  )
        v.                        )    No. 10 C 848
                                  )
KANE COUNTY SHERIFF,              )
                                  )
             Defendant.           )

## MEMORANDUM ORDER

On February 10, 2010 this Court entered its memorandum order ("Order") that granted pro se plaintiff Scottie Rasavady ("Rasavady") the right to proceed without prepayment of the entire $350 filing fee, then went on to dismiss Rasavady's Complaint because of his apparent failure to have satisfied the exhaustion-of-administrative-remedies precondition established by 42 U.S.C. §1997e(a).[1] Now, nearly three months later, Rasavady has filed a handprinted motion for reconsideration of the Order.

Because of the time gap involved here, Rasavady cannot seek relief under the nonextendable short time frame established by Fed. R. Civ. P. ("Rule") 59(e). That means he must look to one of the grounds for relief prescribed by Rule 60(b)--in this instance under either (1) claimed "excusable neglect" within the scope of Rule 60(b)(1) or (2) the catch-all provision of Rule 60(b)(6)("any other reason that justifies relief").

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

What Rasavady's current submission reflects is a fleshing out of the complaints that he had made about living conditions at the Kane County Jail, once by presenting a written grievance and then by a number of follow-up conversations with corrections officers and then sergeants at that institution. But Rasavady's only "explanation" for the extended delay between the February 10 dismissal and his current filing is this (copied verbatim):

> 1. Plaintiff Scottie Rasavady has limited access to law library to due legal work in order to prepare motion for reconsideration.
>
> 2. Plaintiff has been on court writ in Stateville Corr Center where in a cell for 24 hr days 6 days a week and no acess to library.

That does not meet the Rule 60(b)(1) standard of "excusable neglect." All of Rasavady's current filing is devoted to a factual recital, something not at all dependent on access to a law library. Hence the nearly three-month delay cannot be viewed as "excusable." And as for the Rule 60(b)(6) alternative, it has long been established that it requires "extraordinary circumstances" and not just conduct that might have qualified under Rule 60(b)(1) but fails to meet that test (see, e.g., <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 864-65 (7th Cir. 2006)).

Accordingly Rasavady's motions (1) to allow an extension and (2) for reconsideration of the Order are denied. This action

remains dismissed.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 11, 2010

---

[2] One added item bears mention.  Before the Order turned to the merits, this Court there calculated that Rasavady's required initial partial filing fee pursuant to 28 U.S.C. §1915(a)(2) came to $65.38.  But the current docket reflects that only a single payment of $21.60 has been made since then--a payment made in March, so that a month and a half have elapsed since then without anything more having been received by the Clerk's Office.  Accordingly copies of the Order and this memorandum order are being transmitted to the Pittsfield Work Camp, which Rasavady lists as his current return address.  That institution will be expected to comply with the terms of the Order as to payments on account of the $350 filing fee.